# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MUSSIE FSEHAYE,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISTI NOEM, IN HER OFFICIAL** | § | |
| **CAPACITY AS SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; PAMELA BONDI, IN** | § | |
| **HER OFFICIAL CAPACITY AS** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES; TODD LYONS, IN** | § | No.  3:26-CV-00287-LS |
| **HIS OFFICIAL CAPACITY AS** | § | |
| **ACTING DIRECTOR AND SENIOR** | § | |
| **OFFICIAL PERFORMING THE** | § | |
| **DUTIES OF THE DIRECTOR OF U.S.** | § | |
| **IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; MARY DE ANDA-** | § | |
| **YBARRA, IN HER OFFICIAL** | § | |
| **CAPACITY AS FIELD OFFICE** | § | |
| **DIRECTOR OF THE EL PASO FIELD** | § | |
| **OFFICE OF U.S. IMMIGRATION AND** | § | |
| **CUSTOMS ENFORCEMENT AND** | § | |
| **REMOVAL OPERATIONS; AND** | § | |
| **JOHN OR JANE DOE, IN HER** | § | |
| **OFFICIAL CAPACITY AS WARDEN** | § | |
| **OF THE LA SALLE COUNTY** | § | |
| **REGIONAL DETENTION CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Petitioner Mussie Fsehaye moves for a temporary restraining order ("TRO") ordering the government to conduct a bond hearing before an immigration judge. The Court has discretion to grant or deny a TRO based on four elements[1]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[2]

However, "[t]he purpose of a preliminary injunction [or TRO] is not to give the plaintiff the ultimate relief it seeks."[3] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits."[4]

Petitioner's motion seeks a bond hearing, which cannot be the subject of a TRO because a bond hearing is the ultimate relief Petitioner seeks in his petition. Therefore, the Court **DENIES** Petitioner's motion for a temporary restraining order [ECF No. 2].

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 23, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[1] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[2] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[3] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[4] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).