## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **MUSSIE FSEHAYE,** §<br>§<br>*Petitioner*, §<br>§<br>**v.** §<br>§<br>**KRISTI NOEM, IN HER OFFICIAL** §<br>**CAPACITY AS SECRETARY OF THE** §<br>**DEPARTMENT OF HOMELAND** §<br>**SECURITY; PAMELA BONDI, IN** §<br>**HER OFFICIAL CAPACITY AS** §<br>**ATTORNEY GENERAL OF THE** §<br>**UNITED STATES; TODD LYONS, IN** §<br>**HIS OFFICIAL CAPACITY AS** §<br>**ACTING DIRECTOR AND SENIOR** §<br>**OFFICIAL PERFORMING THE** §<br>**DUTIES OF THE DIRECTOR OF U.S.** §<br>**IMMIGRATION AND CUSTOMS** §<br>**ENFORCEMENT; MARY DE ANDA-** §<br>**YBARRA, IN HER OFFICIAL** §<br>**CAPACITY AS FIELD OFFICE** §<br>**DIRECTOR OF THE EL PASO FIELD** §<br>**OFFICE OF U.S. IMMIGRATION AND** §<br>**CUSTOMS ENFORCEMENT AND** §<br>**REMOVAL OPERATIONS; AND** §<br>**JOHN OR JANE DOE, IN HER** §<br>**OFFICIAL CAPACITY AS WARDEN** §<br>**OF THE LA SALLE COUNTY** §<br>**REGIONAL DETENTION CENTER,** §<br>§<br>*Respondents*. § | No.  3:26-CV-00287-LS |

## <u>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

This is one of more than 400 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody during removal proceedings. Petitioner in this case is a citizen of Eritrea, in removal proceedings, and has no final order of removal.[1]

**Habeas Corpus under 28 U.S.C. § 2241**

The primary habeas corpus statute, 28 U.S.C. § 2241, authorizes a petitioner to plead in federal court that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."[2] This Court has jurisdiction over § 2241 claims challenging pre-removal order immigration detention.[3]

**8 U.S.C. §§ 1225 and 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Buenrostro-Mendez v. Bondi*. That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner is "in custody in violation of the Constitution or laws . . . of the United States" for want of a bond hearing under 8 U.S.C. § 1226(a).[4] Petitioner, in removal proceedings, is not "clearly and beyond a doubt entitled to be admitted" and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5]

---

[1] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

[2] 28 U.S.C. § 2241(c)(3).

[3] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (assuming jurisdiction over, and reversing and remanding, district court orders granting § 2241 challenges to pre-removal order detention); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Having determined that the federal courts have jurisdiction to review a constitutional challenge to [a different section of 8 U.S.C. § 1226] . . . .").

[4] *Buenrostro-Mendez*, 166 F.4th at 498 (reversing district court orders granting § 2241 habeas petitions seeking bond hearings and release under 8 U.S.C. § 1226(a)(2)).

[5] *Id.* ("[W]e conclude that the government's position is correct" that petitioners "shall be detained" under 8 U.S.C. § 1225(b)(2)(A) during their removal proceedings because neither showed they were "clearly and beyond a doubt entitled to be admitted").

**Due Process**

In 2001, the Supreme Court held in *Zadvydas v. Davis*[6] that indefinitely detaining persons ordered removed, because no country will accept them, violates the Fifth Amendment's Due Process Clause.[7] Such "indefinite civil detention" raises "a serious constitutional problem."[8] Importantly, the Court distinguished persons with removal orders from those still in removal proceedings, and found that "post-removal-period detention, *unlike detention pending a determination of removability* or during the subsequent 90-day removal period, has no obvious termination point."[9] Two years later, in *Demore v. Kim*, the Supreme Court reiterated that the post-removal order detention periods in *Zadvydas* ran afoul of the Fifth Amendment because they were "indefinite" and "potentially permanent."[10] Like Petitioner in this case, the petitioner in *Demore* was in removal proceedings with no final order of removal.[11] Accordingly, the Court held the detention period in *Demore* did not violate any due process right because it had a "definite termination point" and was neither "indefinite" nor "potentially permanent"[12]—the detention period would necessarily terminate when the removal proceedings concluded, either through deportation within the 90-day removal period[13] or release because of the government's failure to secure a removal order. "*Zadvydas* . . . made clear that *limited* civil detention, without bond, is constitutional as applied to deportable aliens,"[14] and the Supreme Court made explicitly clear in

---

[6] 533 U.S. 678 (2001).

[7] *See id*. at 702.

[8] *Id*. at 690.

[9] *Id.* at 697 (emphasis added).

[10] 538 U.S. at 528.

[11] *Id*. at 513.

[12] *Id*. at 528–29, 531.

[13] 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .").

[14] *Ly v. Hansen*, 351 F.3d 263, 267–68 (6th Cir. 2003) (emphasis in original).

*Demore* that "[d]etention *during removal proceedings* is a constitutionally permissible part of that process."[15]

As in *Demore*, Petitioner's detention is neither "indefinite" nor "potentially permanent" because there is a "definite termination point": the conclusion of the removal proceedings and subsequent removal, or alternatively, release for want of a removal order. And just as there was no due process violation when the *Demore* petitioner was detained under a mandatory detention statute[16] during removal proceedings, so too is there no due process violation in this case when Petitioner is detained during removal proceedings under a similar mandatory detention statute.[17] As all binding Supreme Court and Fifth Circuit precedent confirms that mandatory detention without a bond hearing during removal proceedings passes constitutional muster, Petitioner's due process argument fails.

### Administrative Procedure Act and *United States ex rel. Accardi v. Shaughnessy*

Petitioner's APA and/or *Accardi* claim fails because, after *Buenrostro*,[18] 8 U.S.C. § 1225(b)(2)(A) mandates Petitioner's detention during removal proceedings. There is, then, no final unlawful agency action for this court to review[19]—the statute controls.

### Equal Protection

"[T]o establish a Fourteenth Amendment equal protection claim the plaintiff must prove that similarly situated individuals were treated differently."[20] The detention statute distinguishes between

---

[15] 538 U.S. at 531 (emphasis added).

[16] 8 U.S.C. § 1226(c).

[17] 8 U.S.C. § 1225(b)(2)(A).

[18] *Buenrostro-Mendez v. Bondi*, 166 F.4th at 498.

[19] *See* 5 U.S.C. § 706(2) (a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law").

[20] *Tex. Ent. Ass'n v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021) (brackets omitted) (quoting *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999)). The Fourteenth Amendment's Equal Protection guarantees apply to the federal government through the Fifth Amendment's Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

noncitizens detained under § 1225 who entered without inspection or are present without admission—a criminal offense[21]—and those detained under § 1226 who, for example, overstayed a visa—a civil offense.[22] Detainees under § 1225 are not "in all relevant aspects alike"[23] § 1226 detainees, so Respondents are not treating "similarly situated" individuals differently by denying bond hearings to one group. Equal Protection also requires heightened judicial scrutiny for laws that "discriminate based on race or alienage,"[24] but some noncitizens can receive a bond hearing regardless of alienage.[25] A law discriminating between classes of noncitizens needs only "a rational relationship between the disparity of treatment and some legitimate government purpose."[26] Mandatory detention is rationally related to preventing applicants for admission from absconding during removal proceedings,[27] so the statute does not deny Petitioner equal protection of the law.

### Conclusion

The petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

---

[21] *See* 8 U.S.C. §§ 1325–26.

[22] *See, e.g.*, *id.* § 1227(a)(1)(C)(i).

[23] *Tex. Ent. Ass'n*, 10 F.4th at 513 ("To determine whether persons or groups are similarly situated, we inquire as to whether they 'are in all relevant aspects alike.'" (quoting *Norlinger v. Hahn*, 505 U.S. 1, 10 (1992))).

[24] *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022).

[25] The statute also subjects some noncitizens to mandatory detention based on criminal conduct, *see* 8 U.S.C. § 1226(c), another criterion unrelated to alienage.

[26] *Barcenas-Rumualdo*, 53 F.4th at 865 (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)); *see also Mathews v. Diaz*, 426 U.S. 67, 80 ("[S]tatutory discrimination [w]ithin the class of aliens allowing benefits to some aliens but not others is permissible.").

[27] *See Demore*, 538 U.S. at 513 (finding a rational relationship between mandatory detention and preventing abscondments in the context of § 1226(c): "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings").

**SIGNED** and **ENTERED** on May 11, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**